This is a petition for a writ of mandamus to the Mobile Circuit Court in which petitioner requests that we order that court to vacate its grant of remittitur for the defendant/respondent James Purvis and reinstate its original judgment. We agree with plaintiff/petitioner Joseph Dowling that the court did not have authority to order the remittitur and, thus, we grant the writ.
Dowling originally sued Purvis for assault and battery, alleging that Purvis struck him several times in the face while Dowling sat in his car, causing serious bruises and lacerations. The jury returned a verdict in favor of Dowling and awarded *Page 402 
him damages of $10,697 on October 25, 1984.
On November 21, 1984, Purvis moved the court for a new trial, or, in the alternative, to require a remittitur. On December 14, 1984, the court granted a remittitur of $600 and denied the motion in all other respects. Dowling assents to this remittitur, and, had the matter ended there, this petition for mandamus would not be before this Court now.
On January 7, 1985, more than two months after entry of the jury verdict, Purvis moved the court to reconsider its order denying his earlier motion for a new trial. On February 1, 1985, without Dowling's consent, the court granted a further remittitur of $5,097 and court costs.
Dowling moved on February 22, 1985, to vacate the court's order of February 1 and to have the original verdict, less the remittitur of $600, reinstated. Dowling alleged that the order of February I was void because it was entered more than 30 days beyond the date of the original judgment, and, further, was granted without his consent. The court denied this motion on May 10, 1985.
Dowling filed a notice of appeal with the trial court and, in the alternative, filed this petition for a writ of mandamus. His appeal has been stayed by this Court pending resolution of this petition. The initial question, then, is whether mandamus is the appropriate remedy under these facts. We hold that it is.
Purvis contends that mandamus is improper here because the grant of his motion to reconsider did not reinstate the case for further proceedings. See, Ex parte State Farm Mut. Auto.Ins. Co., 276 Ala. 263, 160 So.2d 879 (1964). However, mandamus is the proper remedy to vacate an order the trial court had no power to enter. See, Great Atl. Pac. Tea Co. v. Sealy,374 So.2d 877 (Ala. 1979). The facts of Sealy are very similar to the present case. There, Sealy was injured when his motorcycle collided with a car driven by Elizabeth Hagler. Hagler exited a shopping center parking lot directly in front of Sealy's motorcycle. Sealy sued her, her husband, and the Great Atlantic Pacific Tea Co. (A P), whose truck was parked, so as to obstruct Hagler's view of oncoming traffic. Prior to trial, the Haglers settled with Sealy for $10,000. The case continued to trial against A P, and the jury returned a verdict in favor of Sealy for $185,000. Forty-two days after the entry of the judgment, A P's counsel orally requested the trial court to amend the verdict, which the court did, reducing the judgment by $10,000, the amount of Sealy's settlement with the Haglers. After determining that the trial court had no authority to reduce the judgment, this Court agreed to issue a writ of mandamus if the trial court refused to reinstate the original verdict. Because we find that the trial court, in this case, had no power to grant the remittitur on February 1, 1985, mandamus is the proper remedy here as well.
While Purvis did not label his motion as one made pursuant to any particular rule, he now contends that his motion to reconsider was made pursuant to Rule 60 (b)(6), Ala.R.Civ.P. In order for us to uphold the trial court's grant of the motion, we would have to construe it as one made under 60 (b)(6). The time for a 59 (e) motion had expired, and the grounds of 60 (b)(1) through 60 (b)(5) do not apply. Rule 60 (b) states, in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
". . . .
 "(6) Any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . ."
A strong presumption of correctness attaches to the trial court's determination of a motion made pursuant to Rule 60 (b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial *Page 403 
court abused its discretion. Pierson v. Pierson, 347 So.2d 985
(Ala. 1977). In reviewing a ruling of a trial court on a Rule 60 (b)(6) motion, the trial court's decision will not be disturbed unless it is determined "that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust." Textron,Inc. v. Whitfield, 380 So.2d 259 (Ala. 1979), quoting Nunn v.Stone, 356 So.2d 1212 (Ala.Civ.App. 1978).
We are of the opinion that the writ should issue even if we treated Purvis's motion to reconsider as a Rule 60 (b)(6) motion, which we decline to do, of course.
A Rule 60 (b)(6) motion should be granted only in those exceptional circumstances when the party can show the court sufficient equitable grounds to be entitled to relief. Textron,Inc. v. Whitfield, 380 So.2d at 260. The party making such a motion must meet two prerequisites before it is justified. First, the motion must be based on some reason other than those stated in 60 (b)(1) through 60 (b)(5), and, second, the reason urged for relief must be such as to justify relief. Ex parteHartford Ins. Co., 394 So.2d 933 (Ala. 1981). There are no exceptional circumstances in this case to justify granting the motion, even if we construed it as a Rule 60 (b)(6) motion.
Purvis cites Wilger v. Department of Pensions and Security,343 So.2d 529 (Ala.Civ.App. 1979), to support his argument that we should view the motion as one made pursuant to Rule 60 (b)(6). In Wilger, the trial court ordered that custody of six children be taken from their natural parents and placed with the Department of Pensions and Security. The issue to be decided was whether the motion to reconsider this order tolled the time for filing a notice of appeal. The Court of Civil Appeals held that while it did not toll the filing time, the order, under a liberal construction of the Rules of Civil Procedure, could be construed as a 60 (b)(6) motion, the denial of which was itself appealable.
In Wilger, however, extenuating circumstances existed which justified this liberal construction. Between the filing of the parents' motion for a new trial and the filing of their motion to reconsider, a federal court had held unconstitutional certain pertinent sections of the statute under which the children had been found to be neglected or dependent. This information could not have been presented to the trial court in the parents' new trial motion.
In the present case, however, Purvis was aware, or should have been aware, of the facts alleged in his motion to reconsider at the time he filed his original motion for a new trial. Purvis presented practically nothing to the trial court that the court had not considered in its ruling on his first post-trial motion.
In Brown v. Martin, 394 So.2d 375 (Ala.Civ.App. 1980), cert.denied, 394 So.2d 377 (Ala. 1981), the Court of Civil Appeals refused to treat appellant's motion to reconsider an order denying his motion to set aside a default judgment as a motion for relief under either Rule 60 (b)(1) or 60 (b)(6):
 "We decline to do so for the reason primarily that this motion was nothing more than a motion for the trial court to reconsider its previous order. Practically nothing different was presented by the motion to reconsider than was presented by the motion to set aside the default judgment. Furthermore, there was no evidence such as affidavits, testimony, etc., offered in support of the motion to reconsider. Under these circumstances we perceive no compelling reason to treat the motion to reconsider the motion to set aside the default judgment as either a Rule 60 (b)(1) or 60 (b)(6) motion."
Where the facts alleged in the motion to reconsider were known by the moving party at the time of his original motion, Rule 60 (b) does not authorize a motion to reconsider. Thus, Purvis's motion to reconsider cannot properly be construed as a 60 (b) motion. Druid City Hospital Board v. Nowlin,475 So.2d 469 (Ala. 1985).
The denial of a motion under Rule 59 or Rule 60 is usually appealable. That *Page 404 
avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal.See, Pace v. Jordan, 348 So.2d 1061 (Ala.Civ.App. 1977), cert.denied, 348 So.2d 1065 (Ala. 1977). This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions. Most attempt to draft their motions to come within the provisions of Rule 60 (b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59 (e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50 (b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to "reconsider" the denial. Post-judgment motions made pursuant to Rules 50 and 59, Ala.R.Civ.P., should be properly styled: e.g., "Motion for New Trial," " Motion for Judgment Notwithstanding the Verdict." There is no post-judgment motion referred to in our rules as a "motion to reconsider."
The writ of mandamus is due to be granted.
WRIT GRANTED.
FAULKNER, JONES, ALMON, SHORES and HOUSTON, JJ., concur.
TORBERT, C.J., concurs specially.
BEATTY and ADAMS, JJ., not sitting.