STEAGALL, Justice.
Plaintiff, Billy White, appeals from the final judgment, and defendants, Helen Brooks and Spinks Brooks, Jr., cross-appeal from a partial summary judgment entered in an action concerning title to certain real property. The primary issue is whether the trial court erred in its determination that a fence was properly erected and maintained on property, owned by the Brookses, which denied White a means of access to his property. We affirm.
In 1954, Helen and Spinks Brooks, Sr.,[1] purchased certain real property described by metes and bounds. This same land had previously been platted in 1924 as Severin Heights Subdivision on Lake Wilson in Lauderdale County. The description contained in this conveyance excepted from the lands conveyed a 10-acre parcel in the southwest corner. This 10-acre parcel had previously been platted in 1922 as Thiessen Subdivision.
In 1985, J.F. Macaulay filed an action to quiet title to lots 6, 7, 8, 9, and 10 in block 7 of Thiessen Subdivision. In that action, the trial court held that Macaulay did have title *58 to the property. The Brookses, however, contend that they were never served in that action and had no other notice or knowledge of it. Subsequent to the 1985 action, Macaulay sold the property to James Johnson, who, in turn, conveyed the property to Billy White.
Sometime between June and September 1985, the Brookses erected a barbed wire fence around their property; the fence effectively prevented access to White’s property by obstructing Beech Street (an unopened platted street) and also prevented White from having any access to Wilson Lake.
On June 20, 1986, White sued Spinks Brooks, Jr., who resides on the property, and certain fictitiously named defendants, seeking a declaratory judgment to determine the rights of the parties pertaining to the erection and maintenance of the fence and the use of Beech Street as a means of access to his property. He also sought injunctive relief to compel Spinks Brooks, Jr., to remove the fence. White amended his,complaint by substituting the name of Helen Brooks for that of a defendant who had been named fictitiously. The Brookses answered, claiming title to the Thiessen Subdivision property by adverse possession. After adding Macaulay as a party defendant to the action, the Brookses filed an independent action under Rule 60(b), Ala.R.Civ.P., to set aside the 1985 judgment holding title to be in Macaulay, and also filed a motion to set aside that judgment under Rule 60(b)(6).
On November 3, 1987, ore terms evidence was presented. On December 8, 1987, White and Macaulay were granted a partial summary judgment as to the Brookses’ independent action under Rule 60(b) and the Rule 60(b)(6) motion. The Brookses then amended their answer to White’s complaint, to include their contentions that the property to which White claims title in his complaint is actually at a different location than that alleged in his survey; that the Brookses own a strip of land located between the property described in White’s complaint and Lake Wilson, thereby denying White access to Lake Wilson; and that when the plat and subdivision known as Severin Heights was abandoned, all public rights in the streets were lost. In its final judgment, the trial court granted the Brookses’ motion for partial summary judgment with respect to the abandonment of Severin Heights Subdivision, denying White access to his property by the use of any street contained in the abandoned subdivision; denied White’s claim for injunctive relief, stating that White’s property is located consistent with the survey by the Brookses and, therefore, does not adjoin the water of Lake Wilson. The trial court denied White’s motion for partial rehearing or, in the alternative, for relief from judgment under Rule 60(b)(2) and/or 60(b)(6) regarding the issue of whether White’s property actually adjoins the water or adjoins the Tennessee Valley Authority (“TVA”) easement represented by the applicable contour line. White now appeals from the trial court’s final judgment establishing the location of his property and from the denial of his Rule 60(b) motion. The, Brookses cross-appeal from the trial court’s entry of partial summary judgment on December 8, 1987.
We will first address the Brookses’ cross-appeal.
“In reviewing a . summary judgment, we must determine whether the evidence, when viewed in a light most favorable to the nonmoving party, will support any one of the nonmoving party’s theories of liability, and thus defeat summary judgment.”
Hightower & Co. v. United States Fidelity & Guaranty Co., 527 So.2d 698, 701 (Ala.1988) (citation omitted). The trial court entered partial summary judgment in favor of White and Macaulay solely on the issues raised by the Brookses’ independent action to set aside the judgment quieting title to the property in issue in favor of Macaulay and by the motion to set aside the judgment under Rule 60(b)(6), A.R.Civ.P. The Brookses based their independent action and their Rule 60(b)(6) motion upon a claim of fraud perpetrated on the court by Macaulay. After a thorough review of the record, we can find no evidence of any fraud concerning the 1985 judgment. We, *59 therefore, affirm the trial court’s entry of partial summary judgment in favor of White and Macaulay with respect to this issue.
We now address White’s appeal from the trial court’s final judgment as it establishes and declares the location of his property. After hearing conflicting testimony concerning the location of the property from Jim Stevenson, who was employed in the abstract and title profession, and Bill Mullins and S.K. Alexander, land surveyors, the trial court “established and declared that Plaintiff’s property consisting of Lots 6, 7, 8, 9, and 10 in Block 7 of Thiessen Subdivision is located consistent with the surveyed map and plat of S.K. Alexander.” According to Alexander, White’s property does not have access to the water. We have previously stated:
“A decree entered by a trial court establishing a boundary line between coterminous landowners is presumed to be correct. When evidence is submitted ore terms, the decree must only be supported by credible evidence and will only be disturbed if plainly erroneous or manifestly unjust. The presumption of correctness of a trial court’s decision is strengthened when the trial court views the land in controversy.”
Nelson v. Garrard, 403 So.2d 230, 232 (Ala.1981) (citations omitted). After a thorough review of the record, we find that the trial court’s decision was supported by credible evidence (Alexander’s testimony and survey) and was not plainly erroneous or manifestly unjust. Therefore, the trial court’s final judgment is due to be affirmed.
White also appeals from the trial court’s denial of his motion for partial rehearing or, in the alternative, for relief from judgment under Rule 60(b)(2) and/or 60(b)(6). White’s motion is based upon the alleged newly discovered evidence of the affidavit of John Lewis, a surveyor and engineer with TVA, and the original acquisition maps from TVA showing the location of the property and its relationship to the easement or contour line granted to TVA by deed in 1919. Lewis’s affidavit unequivocally states that “there is no remaining strip of land between the south boundary of the Thiessen Subdivision and the normal summer pool of Wilson Reservoir.” However, Lewis did not actually survey the property in issue but based his conclusions on his interpretation of TVA maps. This Court has previously stated:
“A strong presumption of correctness attaches to the trial court’s determination of a motion made pursuant to Rule 60(b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court abused its discretion.”
Ex parte Dowling, 477 So.2d 400, 402-03 (Ala.1985) (citation omitted). After a thorough review of the record, we find that the trial court’s denial of White’s post-trial motion was not an abuse of discretion.
The trial court’s entry of partial summary judgment, its final judgment with respect to establishing and declaring the location of White’s property, and its denial of White’s post-judgment motion are hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. Spinks Brooks, Sr., is now deceased.