Package Express Center, Inc., appeals from a judgment determining that a Tennessee court did not have jurisdiction over John Motley, doing business as Geneva Rental Center, when it entered a judgment against him.
Package Express sought to domesticate the Tennessee judgment in Alabama. In response, Motley moved to have that judgment vacated. On February 23, 1996, the trial court heard testimony. On May 14, 1996, the trial court denied Motley's motion and domesticated the Tennessee judgment. On June 10, 1996, Motley filed a motion to alter, amend, or vacate the Alabama court's judgment. That request was denied on June 18. On June 24, Motley moved to set aside the order denying his motion to alter, amend, or vacate the judgment and requested a hearing on the matter. The trial court *Page 379 
granted that motion. On January 21, 1997, a hearing on the motion was held. On February 7, 1997, the trial court entered an order declaring that the Tennessee judgment was void. Package Express appeals.
Motley's June 24 motion to set aside the order denying his earlier Rule 59, Ala. R. Civ. P. motion to alter, amend, or vacate the judgment, is in reality a motion to reconsider the trial court's denial of Motley's first Rule 59 motion. "The Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion." Ex parte Dowling, 477 So.2d 400, 404
(Ala. 1985). In most cases, the only review of denial of a post-judgment motion is by appeal. Id.
The trial court was without jurisdiction to set aside the order denying Motley's first Rule 59 motion, Id., and all actions taken after the denial of the first Rule 59 motion are void.
Therefore, the trial court's February 7, 1997, order declaring that the Tennessee judgment is void is set aside. The judgment of May 14, 1996, domesticating the Tennessee judgment is reinstated.
JUDGMENT OF FEBRUARY 7, 1997, SET ASIDE; JUDGMENT OF MAY 14, 1996, REINSTATED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.