Jimmy Derrell Humphries ("the father") appeals from a judgment of the Walker County Circuit Court that, among other things, increased his child-support obligation. Pursuant to Rule 2 (a), Ala. R. App. P., we dismiss the appeal as untimely.
The father and Rhonda Humphries ("the mother") were divorced by the trial court in 1993, and the father was directed, among other things, to pay child support to the mother with respect to the parties' daughter, born in 1990. In 1996, the father filed a petition to modify the divorce judgment, seeking, among other things, the lifting of certain restrictions upon the father's exercise of his visitation rights and, also, the recalculation of his child-support obligation. After an ore tenus proceeding, the trial court entered a judgment on December 18, 1997, that denied the father's petition to the extent it sought a modification of his visitation rights; that modified his monthly child-support obligation, based upon a finding of changed circumstances, retroactive to the date of the filing of the petition; and that found the father to be $7,167 in arrears with respect to his child-support obligation as modified.
On January 15, 1998, the father filed, pursuant to Rule 59 (e), Ala. R. Civ. P., a post-judgment motion to alter, amend, or vacate the trial court's December 18, 1997, judgment, alleging various errors he contended were present in the judgment; however, the father did not request oral argument of his motion. The trial court denied that motion on January 21, 1998. The husband then filed a "Motion to Vacate" the trial court's order of January 21, 1998, citing Rule 59 (g), Ala. R. Civ. P., which provides, in pertinent part, that motions under Rule 59 "shall not be ruled upon until the parties shall have had an opportunity to be heard thereon."[1] The trial court purported to grant this "Motion to Vacate," stating that it would "consider this as a Motion to Reconsider," and set the motion for a later hearing. On March 11, 1998, the trial court entered an order purporting to again deny the father's post-judgment motion. The father filed a notice of appeal on April 21, 1998.
Initially, we must determine whether this court has jurisdiction over this appeal, because "'jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."' Wallace v. Tee Jays Mfg. Co.,689 So.2d 210, 211 (Ala.Civ.App. 1997) (quoting Nunn v. Baker,518 So.2d 711, 712 (Ala. 1987)).
Rule 4 (a)(1), Ala. R. App. P., provides (with limited exceptions not here pertinent) that a party desiring to appeal to an appellate court must file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. While Rule 4 (a)(3), Ala. R. App. P., provides that the filing of a post-judgment motion under Rule 59, Ala. R.Civ.P., will suspend the time for filing a *Page 700 
notice of appeal, "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion" (emphasis added). In this case, the trial court issued an order denying the father's post-judgment motion on January 21, 1998, and it was entered on the trial court's civil docket. The time for filing a notice of appeal thus began to run on January 21, 1998, and it expired 42 days later (i.e., on March 4, 1998). Because the father's notice of appeal was not filed until April 21, 1998, 48 days later, it is untimely.
Our conclusion is not altered by the fact that the husband filed a "Motion to Vacate" the January 21, 1998, order, or by the trial court's subsequent issuance of an order purporting to grant the "Motion to Vacate." The law is settled that a motion seeking reconsideration of an order denying a post-judgment motion will not further suspend the time for taking an appeal from the underlying judgment, at least where the underlying judgment is not also altered. See Ex parte Mutual Sav. Life Ins. CO, [MS. 1970424, May 22, 1998] ___ So.2d ___(citing Ex parte Dowling,477 So.2d 400 (Ala. 1985)). As the Alabama Supreme Court explained inDowling:
 "The denial of a motion under Rule 59 or Rule 60 is usually appealable. That avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal. This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions. Most attempt to draft their motions to come within the provisions of Rule 60 (b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59 (e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50 (b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal, a judge has no jurisdiction to `reconsider' the denial.
Post-judgment motions made pursuant to Rules 50 and 59, Ala. R. Civ. P., should be properly styled: e.g., `Motion for New Trial,' `Motion for Judgment Notwithstanding the Verdict.' There is no post-judgment motion referred to in our rules as a `motion to reconsider."'
Dowling, 477 So.2d at 403 04; see also Package Express Ctr.,Inc. v. Motley, 717 So.2d 378 (Ala.Civ.App. 1998) (declaring void all actions taken by the trial court after the denial of a party's Rule 59 motion, on the basis that the party's later motion to set aside the order denying the motion was in reality an improper "motion to reconsider" the denial). Therefore, the father's "Motion to Vacate, " which sought reconsideration of the trial court's denial of his Rule 59 motion, was a nullity and did not further toll the time for taking an appeal, notwithstanding his invocation of Rule 60 (b). Dowling, supra,Foster v. Foster, 636 So.2d 467, 468 (Ala.Civ.App. 1994).
Rule 2 (a)(1), Ala. R. App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because we have concluded that the father's notice of appeal was not timely filed, we must dismiss his appeal. Asam v. City of Tuscaloosa,585 So.2d 60 (Ala.Civ.App. 1991), cert. denied, 502 U.S. 1033,112 S. Ct. 874, 116 L.Ed.2d 779 (1992). The mother's request for an attorney fee on appeal is denied.
APPEAL DISMISSED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
[1] However we note that the denial of a Rule 59 motion without a hearing is not erroneous unless the moving party has previously requested a hearing. Maples v. Maples, 599 So.2d 625, 626
(Ala.Civ.App. 1992). *Page 701