The parties, Joel Justin Landers ("the father") and Elizabeth B. Landers ("the mother"), were divorced by a judgment of the Lawrence County Circuit Court in December 1997. In November 1998, the mother filed a petition seeking to modify the divorce judgment to award her the primary care, custody, and control of the parties' minor child and to award her child support in accordance with Rule 32, Ala. R. Jud. Admin.; the mother also requested that the trial court enter an order of contempt against the father for his alleged failure to timely pay child support and for his having violated certain injunction provisions of the divorce judgment, enter an order compelling the sale of the parties' marital residence, and award her attorney fees and costs. The father answered and counterclaimed, requesting that the trial court award him the sole care, custody, and control of the minor child; award him child support pursuant to Rule 32; find the mother in contempt of court and fine, sanction and/or incarcerate her for her alleged contemptuous conduct; and award the father attorney fees for legal services regarding the father's counterclaim, as well as attorney fees pursuant to the Alabama Litigation Accountability Act for his attorney's services in defending the mother's petition for modification.
The trial court entered an order on May 12, 1999, divesting the mother of any and all interest she had in the marital residence and approximately 3 acres of land upon which the marital residence was situated, and vesting all interest in and to the property in the father. The court directed that any funds received from the sale of said property be disbursed to the circuit court clerk of Lawrence County for deposit into an interest-bearing account, and disbursed by the clerk upon further orders of the court.
The mother amended her complaint in June 1999, alleging that the marital residence had been sold, that equity of approximately $31,000 had been paid into court as a result of that sale, and that she was entitled to one-half of the funds plus interest; she requested that her one-half of the equity and her portion of the interest be paid over to her. In July 1999, the mother filed a petition for rule nisi and for modification, again requesting the trial court to find the father in willful contempt of the court's prior orders and to modify the divorce judgment by awarding her the full care, custody, and control of the parties' minor child. She further requested the trial court to issue an ex parte temporary order allowing the mother "to refrain from turning the parties' minor child over to the unsupervised care, custody, and control of the [father]," to limit or restrict the father's visitation with the minor child by directing that the visitation be supervised at all times, and to award attorney fees to her.
The father filed a petition for contempt and for immediate relief, alleging that the mother had repeatedly threatened, harassed, and cursed the father on several occasions, and that the mother had informed the father that she would not allow him to exercise his scheduled visitation with the parties' minor child until a trial was held. The father requested that the mother be held in criminal and civil contempt of the court's previous orders; that the mother be restrained and enjoined from harassing the father; and that the court direct the mother to abide by all prior court orders regarding visitation. Thereafter, on August 24, 1999, the trial court entered an order on the father's petition that, among other things, directed the mother to deliver the parties' minor child to the father for his scheduled visitation; restrained and enjoined both parties *Page 1214 
from harassing, threatening, intimidating, or otherwise interfering with the other party; and directed both parties to abide by the previous visitation and custody orders pending a final hearing.
On August 19, 1999, in open court, the mother filed a motion for a temporary order, requesting, among other things, that the child be allowed to attend school in the West Morgan school district. The trial court entered an order of August 24, 1999, ordering that the child attend kindergarten in Moulton, Lawrence County.
The mother amended her complaint a second time on September 17, 1999, requesting that the father be held in contempt of court for his failure to pay his court-ordered child support payments; she also sought attorney fees and costs.
Following ore tenus proceedings on September 21 and 22, 1999, the trial court entered an order on December 16, 1999, addressing "the issue of disbursement and entitlement to certain funds derived from the sale of the parties' marital residence." That order noted that the parties had reached an agreement and had consented to the disbursement of a portion of the funds pending disposition of the case, and directed the trial court clerk to pay to each of the parties, through his or her attorney, 50% of the total received from that sale, but to retain the sum of $2,000 in an interest-bearing account for distribution consistent with the court's final judgment.
The trial court rendered a final judgment addressing the remaining issues of the parties on March 31, 2000; that order was subsequently entered on April 4, 2000. That order provided, in pertinent part:
 "[T]hat the parties shall continue to exercise joint custody of the minor child . . . as the joint custody arrangements [remain] in the best interest of the child. [The mother] shall continue to have the primary physical custody of the minor child with visitation on the part of the [the father]. . . ."
On April 13, 2000, the mother filed a motion to alter or amend the final judgment, requesting the trial court to direct the clerk to distribute the $2,000 remaining from the proceeds of the sale of the marital residence. The father filed a motion to alter, amend or vacate on April 14, 2000, alleging, among other things, that that portion of the final judgment stating that the mother would "continue to have the primary physical custody of the minor child" was erroneous because, he said, neither party had previously been recognized as the primary physical custodian of the minor child. On April 18, 2000, the mother filed a second motion in which she sought alteration, amendment, or "clarification"[1] of the final judgment as to the previously undisbursed sales proceeds from the marital home, the parties' child-visitation schedule, and child support.
As to the mother's first postjudgment motion and the father's postjudgment motion, the trial court rendered orders granting the mother's motion and denying the father's motion on July 12, 2000. Those orders were not entered, however, until July 25, 2000, which was more than 90 days after those motions were filed. See generally Rule 58, Ala.R.Civ.P. (outlining distinction between "rendition" and "entry" of orders and judgments). Pursuant to Rule 59.1, Ala.R. *Page 1215 
Civ.P., the mother's first motion was denied by operation of law on July 12, 2000, and the father's motion was denied on July 13, 2000, 90 days after the respective filing dates of those postjudgment motions. Thus, the trial court's orders purporting to grant the mother's first postjudgment motion and to deny the father's postjudgment motion were nullities.See Thomas v. Bedsole, 721 So.2d 222, 223-24 n. 1 (Ala.Civ.App. 1998); see also Watson v. Watson, 696 So.2d 1071,1075 (Ala.Civ.App. 1997) (opinion of Crawley, J). The April 18, 2000, motion was not ruled on by the trial court and was denied by operation of law on July 17, 2000. Rule 59.1, Ala.R.Civ.P.
On July 31, 2000, the father filed a motion, purportedly pursuant to Rule 60, Ala.R.Civ.P., to "correct" the judgment; in that motion, he suggested that the trial court's reference to the mother's "continu[ing] to have primary physical custody of the minor child" was contrary to the evidence and to previous orders and judgments, and he requested that the statement be amended to award him primary physical custody of the child. The trial court attempted to enter an amended order on August 18, 2000, designating the mother as having "primary authority and responsibility regarding" major decisions regarding the child. On that same day, the mother filed a response to the father's motion to correct the judgment and a request for sanctions pursuant to the Alabama Litigation Accountability Act; the trial court rendered an order on August 30, 2000, denying the mother's request for sanctions, although that order was not entered until September 11, 2000.
The father filed his notice of appeal on September 15, 2000. Because "it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu," Ex parte Smith, 438 So.2d 766, 768 (Ala. 1983), we must consider whether this court has jurisdiction to consider the father's appeal.
Rule 4(a)(1), Ala.R.App.P., provides (with limited exceptions not here pertinent) that a party desiring to appeal must file his or her notice of appeal within 42 days of the date of the entry of the judgment appealed from. While Rule 4(a)(3), Ala.R.App.P., provides that the filing of a postjudgment motion under Rule 59, Ala.R.Civ.P., suspends the running of the time for filing a notice of appeal, a postjudgment motion may not remain pending in the circuit court for more than 90 days "unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie." Rule 59.1, Ala.R.Civ.P. As noted above, a failure by the trial court to rule upon a postjudgment motion within the 90-day period constitutes a denial of that motion. See Rule 59.1, Ala.R.Civ.P. "If [a] post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1." Rule 4(a)(3), Ala.R.App.P.
In this case, the trial court received three postjudgment motions within 30 days of its April 4, 2000, judgment: the mother's April 13, 2000, motion; the father's April 14, 2000, motion; and the mother's April 18, 2000, motion. The 42-day period for filing a notice of appeal began to run on July 17, 2000, the date that the last viable postjudgment motion was denied by operation of law. See Spina v. Causey, 403 So.2d 199,201 (Ala. 1981). The final day for the father to have filed a timely notice of appeal was therefore August 28, 2000. *Page 1216 
We further note that the father's July 31, 2000, motion to "correct" the judgment did not toll the running of that 42-day period. While subsection (a) of Rule 60, Ala.R.Civ.P., the rule cited by the father in his motion, does authorize a trial court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission," such motions do not toll the time for taking an appeal from the underlying judgment (see Levine v. MalagaRestaurant, Inc., 501 So.2d 1231, 1233-34 (Ala.Civ.App. 1987)). Similarly, even were we to construe the father's motion as having been filed pursuant to subsection (b) of Rule 60, which authorizes relief from judgment under certain circumstances, to do so would not render his appeal timely because his motion expressly sought reconsideration of the same matters raised in his April 13, 2000, postjudgment motion that was denied by operation of law. Alabama precedent is clear that a Rule 60(b) motion may not be used to seek reconsideration of a trial court's denial of a postjudgment motion, nor are Rule 60 motions substitutes for appeal. Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985) ("The Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion."); Ex parteAllstate Life Ins. Co., 741 So.2d 1066, 1071 (Ala. 1999) ("This Court has clearly warned the bench and the bar not to attempt to use a Rule 59 or Rule 60 motion as a substitute for an appeal."); Foster v. Foster,636 So.2d 467, 468 (Ala.Civ.App. 1994); Humphries v. Humphries,726 So.2d 698, 700 (Ala.Civ.App. 1998) (describing such a repetitive motion as a "nullity").
The father's notice of appeal was not filed within 42 days of the denial of the wife's second postjudgment motion; thus, it is untimely. Because that notice of appeal was not timely filed, we must dismiss the appeal. Asam v. City of Tuscaloosa, 585 So.2d 60 (Ala.Civ.App. 1991),cert. denied, 502 U.S. 1033 (1992).
APPEAL DISMISSED.
Yates, P.J., and Crawley, Thompson, and Pittman, JJ., concur.
[1] We note that while "the Alabama Rules of Civil Procedure do not specifically recognize a `motion for clarification,' . . . [s]uch motions are treated as motions made pursuant to Rule 59(e), Ala.R.Civ.P., requesting that the circuit court alter, amend, or vacate its earlier judgment." Alabama Dep't of Mental Health and Mental Retardation v.Marshall, 741 So.2d 434, 436 (Ala.Civ.App. 1999).