Gina Elrod Carter ("the mother") and Gaylon Hilliard ("the father") were divorced on February 2, 2001. The judgment awarded the parties joint legal custody of their minor child, but awarded sole physical custody to the mother. On February 20, 2001, the father filed a motion, pursuant to Rule 59, Ala.R.Civ.P., requesting that the trial court alter, amend, or vacate its award of physical custody to the mother.[1]
The trial court set a hearing on that motion for May 10, 2001. The trial court, after hearings on June 22, 2001, and July 13, 2001, entered an order modifying the divorce judgment so as to award the father sole physical custody. That action was taken after the 90-day period for ruling on the father's postjudgment motion had expired on May 21, 2001. The mother appeals from the trial court's purported grant of the father's postjudgment motion, arguing that the trial court had lost jurisdiction when it purported to grant the motion.
Nothing in the record or on the case action summary sheet reflects whether the hearing on the father's postjudgment motion set for May 10 was held; however, in his letter brief to this court on the issue of the timeliness of this appeal the father states that the parties and respective counsel met in the trial court's chambers on that date and that the parties agreed to continue the case because the mother had retained new counsel. The father admits that this agreement to continue the case does not appear in the record. However, he argues that the mother failed to raise the issue of the trial court's lack of jurisdiction in the trial court, and he argues that she is now unable to raise that issue.
The father is incorrect. The lack of subject-matter jurisdiction cannot be waived. See International Longshoremen's Ass'n v. Davis, 470 So.2d 1215,1216 (Ala. 1985). It may be raised at any time. See Ex parte Johnson,715 So.2d 783, 785 (Ala. 1998) (citing Rule 12(h)(3), Ala.R.Civ.P.; other citations omitted). In fact, this court can raise the issue ex mero motu. See Landers v. Landers, 812 So.2d 1212, 1215 (Ala.Civ.App. 2001).
Any agreement to extend the time for ruling on a postjudgment motion must be express and must appear in the record. Rule 59.1 Although the mother did not expressly object, and, in fact, appears to have assented, to the continuances granted by the trial court, her assent is not sufficient to extend the 90-day *Page 1064 
period. See Personnel Bd. for Mobile County v. Bronstein, 354 So.2d 8,10-11 (Ala.Civ.App. 1977). An express consent of the parties, one evidenced by "positive steps to express [an agreement to extend the 90-day period] in a direct and unequivocal manner," is required to extend the 90-day period under Rule 59.1. Bronstein, 354 So.2d at 11. No agreement to extend the 90-day period exists in this case. Accordingly, the motion was deemed denied on the 90th day — May 21, 2001 — and the trial court's July 18, 2001, judgment awarding custody to the father is a nullity. The original divorce judgment of January 2, 2001, remains in effect. The mother's appeal from the July 18 grant of the father's postjudgment motion is an attempted appeal from a void judgment. A void judgment will not support an appeal. Jones v. Sears,Roebuck Co., 342 So.2d 16, 17 (Ala. 1977). The mother's appeal is due to be dismissed.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
[1] The father filed a second motion containing more specific allegations while the first postjudgment motion was pending, as did the mother. However, neither motion affects the determination of when the original motion was denied by operation of law.