Allan Schwadron ("the former husband") appeals from a judgment that, among other things, denied his request for relief from a November 2002 divorce judgment. *Page 949 
The former husband and Janice Mae Schwadron ("the former wife") were divorced by a judgment entered on July 10, 2001. In that judgment, the former husband was ordered to pay the former wife a property settlement in the amount of $55,000 and to pay $5,500 in monthly periodic alimony. An appeal was taken from that judgment, and this court reversed the trial court's award of a portion of the former husband's retirement benefits to the former wife because the parties had not been married for a period of 10 years so as to allow such an award to be made pursuant to § 30-2-51, Ala. Code 1975. See Schwadron v. Schwadron, 840 So.2d 915
(Ala.Civ.App. 2002). Upon remand, on November 12, 2002, the trial court entered an amended judgment that deleted the previous award of retirement benefits to the former wife; the former husband was instead ordered to pay a property settlement in the amount of $100,000 and to begin making monthly periodic-alimony payments of $8,000 to the former wife. In response to a postjudgment motion filed by the former husband, the trial court amended its November 2002 judgment so as to reduce the property-settlement award to $50,000. The former husband did not appeal from that amended judgment.
In June 2003, the former wife filed a petition requesting that the trial court find the former husband in contempt of court for failing to pay her the property settlement or the monthly alimony payments as required by the November 2002 judgment, as amended. A suggestion of bankruptcy was filed by the former husband on July 23, 2003. In September 2003, the former husband filed a notice indicating the dismissal of the bankruptcy proceeding; the former wife then filed a request for the trial court to set a hearing date on her contempt petition. The trial court scheduled a hearing for October 28, 2003. The former husband failed to appear at that hearing, and on October 28, 2003, the trial court held the former husband in contempt of court and entered a default judgment against the former husband in the amount of $133,561.08, which the trial court noted was the total amount of the alimony arrearage plus interest. Additionally, the trial court awarded the former wife the specific amount of $63,824.66, which was designated as the unpaid property settlement plus interest. The trial court ordered the county sheriff to arrest the former husband, who was ordered to be incarcerated until he had purged himself of contempt by paying the judgment. The former husband did not appeal from the October 2003 contempt judgment.
On January 30, 2004, the former husband filed a new action requesting a modification of the periodic-alimony award, deletion of the provisions of the October 2003 contempt judgment awarding $8,000 a month in alimony retroactive to the initiation of the contempt proceedings, and modification of the property settlement. After a hearing held the following week, the trial court granted the former husband time to formulate a payment plan to avoid incarceration for contempt. The former husband eventually paid the $50,000 property settlement, and the trial court granted a continuance and agreed not to incarcerate the former husband before a hearing could be held regarding his modification petition.
On April 7, 2004, the trial court entered a judgment granting the former husband's request for a reduction in periodic alimony to $5,000 per month, which amount was applied retroactively to the filing of the former husband's petition in January 2004; the trial court also directed the former husband to pay the previously assessed alimony arrearage, and thus purge himself of contempt, within one week or face incarceration. *Page 950 
On April 15, 2004, the former husband filed a postjudgment motion and asserted that his modification action had actually been a petition for relief from the November 2002 judgment and the October 2003 judgment. On May 20, 2004, the trial court denied the former husband's motion and entered the following notation on the case action summary sheet:
 "The 4/7/04 order of the court to remain in force, the motion to alter, amend, etc. is denied in full including any computation issues, and all alimony issues are considered current to date by agreement of the parties in open court."
The former husband filed another postjudgment motion on June 4, 2004; in response to that motion, on June 10, 2004, the trial court purported to "set aside" the May 20, 2004 order, and that court set a hearing on the "computation issue" regarding the alimony arrearage. On June 22, 2004, the trial court entered a notation on the case-action-summary sheet purporting to denying the former husband's June 4 motion in its entirety, stating that
 "The court finds the 10/25/03 judgment to be final as a matter of law precluding any review of the computations supporting same."
The former husband filed a notice of appeal on July 23, 2004, and asserts that the trial court erred in denying his request for relief from the November 2002 and October 2003 judgments. Specifically, the former husband asserts that the trial court abused its discretion by ordering him to pay an arrearage that, he says, was improperly calculated and would violate Alabama law if he were forced to pay the arrearage with moneys taken from his retirement account. Additionally, the former husband claims that the trial court erred in denying his motion to correct or modify the arrearage calculation and in denying his petition requesting a termination or reduction of his alimony obligation.
"Because `it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu,' Ex parte Smith,438 So.2d 766, 768 (Ala. 1983), we must consider whether this court has jurisdiction to consider [this] appeal." Landers v.Landers, 812 So.2d 1212, 1215 (Ala.Civ.App. 2001). With exceptions not pertinent to this appeal, Rule 4(a)(1), Ala. R.App. P., provides that a party desiring to appeal a judgment to an appellate court must file his or her notice of appeal within 42 days of the date of the entry of the judgment being appealed. While Rule 4(a)(3), Ala. R.App. P., provides that the filing of a postjudgment motion under Rule 59, Ala. R. Civ. P., will suspend the time for filing a notice of appeal, "the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying suchmotion" (emphasis added).
In this case, the trial court issued an order denying the former husband's postjudgment motion on May 20, 2004, and that order was entered on the trial court's civil docket. The time for filing a notice of appeal thus began to run on May 20, 2004, and it expired 42 days later (i.e., on July 1, 2004). Because the former husband's notice of appeal was not filed until July 23, 2004, 64 days after the entry of the order denying the former husband's postjudgment motion, it is untimely.
Our conclusion is not altered by the fact that the former husband filed a second "Motion to Alter, Amend, or Vacate" on June 4, 2004, seeking to modify the May 20, 2004, order, or by the trial court's subsequent issuance of an order purporting to set aside the May 20, 2004, order and to schedule a hearing on the alimony "computation issue." The law is well settled *Page 951 
that a motion seeking reconsideration of an order denying a post-judgment motion will not further suspend the time for taking an appeal from the underlying judgment, at least where the underlying judgment is not also altered. See Humphries v.Humphries, 726 So.2d 698, 700 (Ala.Civ.App. 1998) (citing Exparte Dowling, 477 So.2d 400 (Ala. 1985)); see also Ex parteAllstate Life Ins. Co., 741 So.2d 1066, 1070 (Ala. 1999) (citingPackage Express Ctr., Inc. v. Motley, 717 So.2d 378, 379
(Ala.Civ.App. 1998)) (stating that the rule "that a trial court cannot entertain a motion to `reconsider' its previous order denying a post-judgment motion is more than a mere `technicality' under the Alabama Rules of Civil Procedure, but is based on the court's loss of jurisdiction over the case").
As the Alabama Supreme Court explained in Dowling:
 "The denial of a motion under Rule 59 or Rule 60 is usually appealable. That avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal. This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions. Most attempt to draft their motions to come within the provisions of Rule 60(b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion. However, in some cases such successive post-judgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial."
Dowling, 477 So.2d at 403-04 (citations omitted; emphasis added); see also Ex parte Allstate Life Ins. Co.,741 So.2d at 1070.
Stated another way, if a party has his own postjudgment motion denied, the review of that denial is only by appeal. Ex parteMutual Sav. Life Ins. Co., 765 So.2d 649, 650 (Ala. 1998). Therefore, the former husband's June 4, 2004, "Motion to Alter, Amend, or Vacate," which sought reconsideration of the trial court's denial of his April 15, 2004, Rule 59 motion, was a nullity and did not further toll the time for taking an appeal, notwithstanding his attempt to invoke the application of Rule 60.Dowling, supra; see also Foster v. Foster, 636 So.2d 467, 468
(Ala.Civ.App. 1994) (declaring void all actions taken by the trial court after the denial of a party's Rule 59 motion, on the basis that the party's later motion to set aside the order denying the Rule 59 motion was in reality an improper "motion to reconsider" the denial).
Rule 2(a)(1), Ala. R.App. P., provides that "[a]n appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court." Because the former husband's notice of appeal was not timely filed, his appeal must be dismissed. See Humphries, supra, and Landers,supra.
The appellee's request for an attorney fee on appeal is denied.
APPEAL DISMISSED. *Page 952 
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.