James W. Adkison, Jr. ("the husband"), appeals an order purporting to deny a *Page 1136 
postjudgment motion filed by the husband. For the reasons discussed below, we dismiss the appeal.
On February 20, 2003, Teresa Ann Adkison ("the wife") sued the husband for a divorce on the ground of incompatibility. An attorney appeared for the husband and answered the complaint on the husband's behalf. After the first two trial settings were continued, the case was set for trial on March 10, 2004.
On March 10, 2004, the wife, the wife's attorney, and the husband's attorney appeared for trial, but the husband did not. The husband's attorney made an oral motion to withdraw, and the trial court granted that motion. The trial court then entered a default divorce judgment.
The judgment awarded the wife the marital residence, all household furniture and furnishings, her retirement benefits, one-half of the husband's retirement benefits, the parties' 1997 Avalon automobile, periodic alimony in the amount of $500 per month, and $2,500 to reimburse the wife for her attorney's fee. The judgment awarded the husband one-half of his retirement benefits and the parties' Chevrolet truck. Since the parties' children were over the age of 19, the judgment did not address custody or child support.
On April 8, 2004, the attorney who had previously represented the husband and who had withdrawn on March 10, 2004, appeared again for the husband and filed a postjudgment motion seeking relief from the judgment pursuant to Rules 55(c) and 59(e), Ala. R. Civ. P., on the ground that the husband had not received actual notice of the March 10, 2004, trial setting.
Following a hearing, the trial court denied the husband's postjudgment motion on June 21, 2004. On July 9, 2004, the husband, represented by new counsel, filed another postjudgment motion seeking relief from the default divorce judgment. This motion alleged the same facts as the husband's previous postjudgment motion but sought relief from the judgment pursuant to Rule 60(b)(1) and (6), Ala. R. Civ. P., instead of Rules 55(c) and 59(e).
However, before the trial court could rule on the husband's second post-judgment motion, the husband appealed the judgment and the denial of his first postjudgment motion to this court. The trial court then purported to stay further proceedings on the husband's second post-judgment motion until the appeal was resolved.
Upon the motion of the husband, this court dismissed the husband's appeal of the divorce judgment and the denial of his first postjudgment motion on November 15, 2004. The trial court then held an evidentiary hearing regarding the husband's second postjudgment motion on January 31, 2005. On February 5, 2005, the trial court entered an order purporting to deny the husband's second post-judgment motion. On March 15, 2005, the husband appealed the denial of his second postjudgment motion to this court.
The wife argues that the husband's appeal of the denial of his second post-judgment motion should be dismissed because it is barred by the doctrine of res judicata and because the husband's second postjudgment motion was an improper attempt to use a Rule 60(b) motion as a substitute for an appeal. We conclude that the appeal must be dismissed, although our reasoning differs from the arguments advanced by the wife.
Although the husband's second postjudgment motion sought to invoke Rule 60(b) instead of Rules 55(c) and 59(e), it sought relief from the judgment based on the same set of facts that he had alleged as the basis of his first postjudgment motion. "The `character of a [motion] is determined and interpreted from its essential *Page 1137 
substance, and not from its descriptive name or title."'Ex parte Alfa Mut. Gen. Ins. Co., 684 So.2d 1281, 1282
(Ala. 1996) (quoting Union Springs Tel Co. v. Green,285 Ala. 114, 117, 229 So.2d 503, 505 (1969)). Because the husband's second postjudgment motion asserted as its basis the very same facts as his first post-judgment motion instead of asserting facts that were unknown to the husband when he filed his first postjudgment motion, his second postjudgment motion in reality constituted a motion to reconsider the denial of the husband's first postjudgment motion rather than a Rule 60(b) motion. Cf. Ex parte Dowling, 477 So.2d 400, 403 (Ala. 1985) (holding that, when facts alleged in a second postjudgment motion were known to the movant when he filed his original postjudgment motion, his second post-judgment motion had to be construed as a motion to reconsider the denial of his first postjudgment motion rather than as a Rule 60(b) motion); andPackage Express Ctr., Inc. v. Motley, 717 So.2d 378,379 (Ala.Civ.App. 1998) (holding that movant's second postjudgment motion constituted a motion to reconsider the denial of his earlier Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment).
"[T]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own post-judgment motion." Dowling, All So.2d at 404. Indeed, such a motion is a nullity. See Schwadron v.Schwadron, 906 So.2d 948, 951 (Ala.Civ.App. 2005) ("[T]he former husband's June 4, 2004, `Motion to Alter, Amend, or Vacate,' which sought reconsideration of the trial court's denial of his April 15, 2004, Rule 59 motion, was a nullity. . . ."). Moreover, the trial court does not have subject-matter jurisdiction to entertain such a motion. SeeEx parte Allstate Life Ins. Co., 741 So.2d 1066, 1071
(Ala. 1999); and Package Express, 717 So.2d at 379.
Because the trial court did not have subject-matter jurisdiction to entertain the husband's second postjudgment motion, the trial court's order purporting to deny that motion is void. "A void [order] will not support an appeal."Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App. 2002). Consequently, we must dismiss the appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMPSON and MURDOCK, JJ., concur in the result, without writing.