Michael Rorex ("the father") appeals from an order entered by the Limestone Circuit Court on his motion seeking relief from an order entered by that court denying his postjudgment motion challenging that court's judgment in proceedings to modify and enforce a judgment that had divorced the father and Angie Rorex ("the mother"). Because the order from which the father has attempted to appeal is void, we dismiss the appeal for lack of subject-matter jurisdiction.
The parties, who have two minor children, were divorced in 1996; the divorce judgment awarded the mother sole custody of the two children and directed the father to pay child support to the mother. In December 2001, the mother brought an action in which she sought to enforce, among other things, the provisions of the divorce judgment concerning child-support payments and sought to have the judgment modified so as to permit her to claim the parties' children as dependents on her federal income-tax return and to increase the father's future child-support obligation. The father filed an answer denying the mother's right to relief and asserted a counterclaim in which he sought, among other things, custody of the children. The action was ordered to be stayed in March 2003 while the father completed a foreign military deployment, but it was returned to the trial court's active docket in August 2005, with a trial setting in December 2005; on the father's motion, the trial court reset the trial for February 13, 2006.
When the case was called for trial on February 13, 2006, the mother and the parties' attorneys were present in court, but the father was not; at that time, the father's attorney orally moved to withdraw from his representation of the father, and the trial court granted that motion. The mother then applied for the entry of a default judgment in her favor on her claims and on the claims asserted in the father's counterclaim, and she filed an affidavit on February 21, 2006, in which she not only gave testimony supporting her claims, but also testified that she had had a discussion with the father on the weekend before the scheduled trial date concerning the upcoming trial. On February 23, 2006, after considering the mother's application for the entry of a default judgment and her supporting affidavit, the trial court entered a judgment granting the relief sought by the mother but otherwise ordering that the divorce judgment would "remain in full force and effect."
On March 20, 2006, another attorney appeared on behalf of the father and filed a motion, pursuant to Rule 55(c), Ala. R. Civ. P., to set aside the trial court's judgment entered on the mother's application for entry of a default judgment. The trial court set a hearing on that motion for April 13, 2006, and stayed execution of its judgment pending that hearing. On May 4, 2006, the father filed a "motion for review" in which he cited facts and circumstances that had arisen after the entry of the trial court's judgment, but he did not seek to amend his March 20, 2006, motion to set aside the judgment. On May 18, 2006, 59 days after the filing of the motion to set aside the judgment, the trial court entered a typed and signed order on the case-action-summary sheet denying that motion, but setting the "motion for review" for a hearing; the case-action-summary sheet also bears the handwritten notation "Attys. Notified." No notice of appeal was filed within 42 days of the entry of the order denying the father's motion to set aside the judgment. *Page 62 
The hearing on the father's "motion for review" was rescheduled on four occasions on the parties' motions and on the court's own motion; according to the case-action-summary sheet, that hearing was apparently ultimately held on August 18, 2006. Three days later, on August 21, 2006, the father filed a "Motion for Relief from Order" in which the father averred that he had not received notice of the entry of the trial court's May 18, 2006, order denying his Rule 55(c) postjudgment motion to set aside the judgment, and that the father's lack of notice of that order had "denied [him] of his right to appeal or present any post order motion"; citing Rule 60, Ala. R. Civ. P., the father requested that the trial court "reconsider its order of May 18, 2006, so as to give appropriate relief to the [father]." After a hearing, the trial court entered an order on October 27, 2006, purporting to deny the father's August 21, 2006, motion. The father filed on December 7, 2006, a notice of appeal attempting to present for review the trial court's October 27, 2006, order.
Although neither party has questioned this court's appellate jurisdiction, it is by now well settled that "`[i]t is the duty of an appellate court to consider the lack of subject matter jurisdiction ex mero motu'" Thompson v. Board ofPardons Paroles, 806 So.2d 374, 375 (Ala. 2001) (quoting Ex parte Smith, 438 So.2d 766, 768
(Ala. 1983)). Pursuant to §§ 12-22-2 and 12-3-10, Ala. Code 1975, this court has jurisdiction to hear appeals from final judgments entered in, among other cases, domestic-relations cases.: However, neither a void order nor a void judgment will support an appeal. See Gulf Beach Hotel, Inc. v. State exrel. Whetstone, 935 So.2d 1177, 1183 (Ala. 2006).
The order from which the father has attempted to appeal is one entered in response to a motion in which the father expressly sought reconsideration of an order denying a postjudgment motion. However, "`[t]he Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own postjudgment motion.'" PackageExpress Ctr. v. Motley, 717 So.2d 378, 379
(Ala.Civ.App. 1998) (quoting Ex parte Dowling,477 So.2d 400, 404 (Ala. 1985)). In Package Express, we held that a trial court lacked jurisdiction to act on a party's motion to set aside that court's previous ruling denying the party's postjudgment motion and that "all actions taken after the denial of the [postjudgment] motion [were] void." 717 So.2d at 379. In so holding, we further noted that, "[i]n most cases, the only review of a denial of a postjudgment motion is by [an] appeal" taken directly from that denial. Id. (citingDowling, 477 So.2d at 404).
As the Alabama Supreme Court noted in Dowling:
 "This Court has been presented from time to time several instances' when losing parties have attempted to get trial judges to reconsider action taken on their postjudgment motions. Most attempt to draft their motions to come within the provisions of Rule 60(b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge's ruling on his own postjudgment motion. However, in some cases such successive postjudgment motions may be permitted. If, for example, the judge has rendered a new judgment pursuant to a Rule 59(e) motion to alter, amend, or vacate a judgment or pursuant to a Rule 50(b) motion for judgment notwithstanding the verdict, the party aggrieved by the new judgment may have had no reason to *Page 63 
make such a motion earlier. In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to `reconsider' the denial."
477 So.2d at 404 (emphasis added).
Based upon those authorities, we conclude that the trial court's October 27, 2006, order purporting to deny the father's motion of August 21, 2006, requesting the trial court to "reconsider its order of May 18, 2006," is void and that this court therefore lacks jurisdiction to review that order. Our conclusion obviates the necessity of determining whether the trial court's order denying the father's August 21, 2006, motion would have been within that court's discretion had that court had jurisdiction to act upon it. But see Altmayer v.Stremmel, 891 So.2d 305, 309 (AIa. 2004) (noting that relief under Rule 60(b) cannot be used as a method to extend the time within which to appeal and that a lack of notice of the entry of an order from the trial court clerk's office is not a ground for relief under Rule 60(b), Ala. R. Civ. P.).
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.