999 So.2d 521 (2008)
N.F.N. and L.C.N. IV
v.
J.M.M.J., S.D.J.H., and Mobile County Department of Human Resources.
2070172.
Court of Civil Appeals of Alabama.
May 2, 2008.
Certiorari Denied June 13, 2008 Alabama Supreme Court 1071110.
*522 L.C.N. IV, pro se.
Troy King, atty. gen., and Sharon E. Ficquette and Elizabeth Hendrix, asst. attys. gen., Department of Human Resources, for appellee the Mobile County Department of Human Resources.
BRYAN, Judge.
N.F.N. and L.C.N. IV ("the aunt and uncle") appeal a judgment denying their motion for custody of J.M., J.H., and J.M.H. III ("the children") and awarding custody of the children to the Mobile County Department of Human Resources ("DHR").
On October 9, 2002, DHR petitioned the Mobile Juvenile Court for immediate custody of the children.[1] The petition seeking custody of J.M. alleged, in pertinent part, (1) that J.M.M.J., J.M.'s natural grandmother and adoptive mother ("the grandmother"), had allowed J.M. to reside with S.D.J.H., J.M.'s natural mother ("the mother"), who had been committed to a facility referred to in the record as "Baypoint" for psychological evaluation on October 9, 2002, and (2) that the grandmother was married to and residing with a convicted sex offender who was prohibited by law from living in the same residence as a minor. The petition seeking custody of J.H. and J.M.H. III, alleged, in pertinent part, (1) that the mother had been committed to "Baypoint" for psychological evaluation and that she was a danger to herself and others, and (2) that there were no relative resources available because the grandmother was married to and residing with a convicted sex offender.
On October 10, 2002, the juvenile court entered orders granting DHR's petitions for immediate custody. Following an ore tenus proceeding, the juvenile court, on October 7, 2003, entered an order finding J.M. dependent and awarding custody of J.M. to DHR. On the same day, the juvenile court also entered an order awarding custody of J.H. and J.M.H. III to DHR.
On May 3, 2005, the aunt and uncle filed a petition seeking custody of the children. The juvenile court received ore tenus evidence regarding the aunt and uncle's petition and other matters on April 4, 2006. On August 22, 2006, the juvenile court entered final judgments (1) denying the aunt and uncle's petition for custody; (2) finding J.H. and J.M.H. III to be dependent; (3) accepting DHR's plan regarding a permanent, planned living arrangement for J.M.; (4) terminating the parental rights of the mother and the father of J.H. and J.M.H. III as to those children; and (5) authorizing DHR to proceed with a permanent plan of adoption for J.H. and J.M.H. III.
On September 13, 2006, more than 14 days after the entry of the juvenile court's *523 August 22, 2006, judgments, the aunt and uncle moved the juvenile court to "reconsider" its August 22, 2006, judgments. On January 4, 2007, the juvenile court entered an order purporting to deny the aunt and uncle's motion to reconsider. Then, on January 18, 2007, the aunt and uncle filed a notice of appeal to this court. On April 17, 2007, this court dismissed the aunt and uncle's appeal on the motion of DHR because their appeal was untimely.
On October 29, 2007, after this court had dismissed their appeal, the aunt and uncle filed with the juvenile court another motion challenging the August 22, 2006, judgments of the juvenile court. That motion did not assert any of the grounds listed in Rule 60(b), Ala. R. Civ. P. On the same day, the juvenile court entered an order purporting to deny the motion. On November 6, 2007, the aunt and uncle filed with the juvenile court a motion that was identical to the one they had filed on October 29, 2007. For all that appears in the record, the juvenile court never ruled on the motion filed on November 6, 2007.[2] The aunt and uncle again filed a notice of appeal to this court on November 19, 2007.
DHR has moved this court to dismiss the aunt and uncle's appeal. We conclude that we must dismiss the aunt and uncle's appeal because we lack jurisdiction, although our rationale for that conclusion differs somewhat from the rationale presented in DHR's motion to dismiss the appeal. The rules of civil procedure do not authorize a movant to file a motion to reconsider the denial of his or her own postjudgment motion. See Adkison v. Adkison, 957 So.2d 1135, 1137 (Ala.Civ.App. 2006). Moreover, the character of a motion is determined by its substance. Id. The motions the aunt and uncle filed with the juvenile court after this court had dismissed their first appeal were in substance motions to reconsider the denial of the untimely postjudgment motion they had filed on September 13, 2006. Such a motion is a nullity. Id. Moreover, the juvenile court did not have subject-matter jurisdiction to entertain such a motion. Id. Consequently, the juvenile court's purported rulings on those motions are void and will not support an appeal. Id. Accordingly, we must dismiss the aunt and uncle's appeal.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
NOTES
[1] DHR filed one petition seeking custody of J.M. and another petition seeking custody of J.H. and J.M.H. III. J.M. does not share the same natural father as J.H. and J.M.H. III.
[2] The aunt and uncle attached to their reply brief a copy of an order from the juvenile court denying the motion filed on November 6, 2007. However, this order is not a part of the record, and "`"[a]ttachments to briefs are not considered part of the record and therefore cannot be considered on appeal."'" Roberts v. NASCO Equip. Co., 986 So.2d 379, 385 (Ala.2007) (quoting Morrow v. State, 928 So.2d 315, 320 n. 5 (Ala.Crim.App.2004), quoting in turn Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991)).