In # 1920538, the plaintiffs appeal the trial court's denial of their Rule 60(b), Ala.R.Civ.P., motion for relief from judgment (CV-89-759); and in # 1920722, the plaintiffs appeal the trial court's dismissal of their claim for damages for personal injuries (CV-92-937). The cases are procedurally complex.
 # 1920538
September 15, 1989: Original complaint filed in # 1920538 by Larry Dewayne Patterson, Sr., on behalf of himself and his wife Christie Michelle Patterson, who was physically and mentally incapacitated, against Dr. Leonard John Hays III, alleging medical malpractice and seeking compensatory and punitive damages for personal injuries to Christie. Larry Sr. individually claimed damages for loss of consortium.
May 22, 1990: Amended complaint adding Dr. John Hugh Campbell, seeking damages for personal injuries to Christie.
October 23, 1990: Amended complaint adding claim by Larry Dewayne Patterson, Jr., the minor child of the Pattersons, against Dr. Hays for loss of the society and consortium of Larry Jr.'s mother.
November 2, 1990: Dr. Hays moved to dismiss Larry Jr.'s loss of society and consortium claim.
December 21, 1990: Dr. Campbell moved for summary judgment on all claims against him.
March 14, 1991: The trial court dismissed Larry Jr.'s loss of society and consortium claim on the grounds that there was no such cause of action in Alabama. No appeal was taken.
March 27, 1991: The trial court entered a summary judgment for Dr. Campbell on all claims against him and made the judgment final pursuant to Rule 54(b), Ala.R.Civ.P. No appeal was taken.
May 8, 1991: Forty-second day from the entry of the summary judgment for Dr. Campbell.
October 8, 1991: Christie died.
October 16, 1991: Amended complaint by Larry Sr. against Dr. Hays for damages for personal injuries suffered by Christie from the time of the allegedly negligent treatment in November 1988 to her death on October 8, 1991, for damages for wrongful death, and for damages for loss of consortium; and by Larry Jr. against Dr. Hays for loss of consortium.
November 1, 1991: Dr. Hays moved to dismiss the personal injury claim against him.
May 22, 1992: The trial court dismissed the personal injury claim against Dr. Hays and Larry Jr.'s loss of consortium claim, and the case was tried on the wrongful death claim and Larry Sr.'s loss of consortium claim.
June 17, 1992: Jury verdict for Dr. Hays on the wrongful death claim and on Larry Sr.'s loss of consortium claim.
June 19, 1992: Judgment entered on the jury verdict.
August 3, 1992: The trial court denied Larry Sr. and Larry Jr.'s motion for judgment notwithstanding the verdict, or, in the *Page 1144 
alternative, for a new trial. No appeal was taken.
September 4, 1992: King v. National Spa Pool Institute, Inc., 607 So.2d 1241 (Ala. 1992), decided.
September 14, 1992: Expiration of the 42 days for appeal from the August 3 ruling.
October 23, 1992: Larry, Sr. and Larry, Jr. filed a Rule 60(b)(5) and (b)(6), Ala.R.Civ.P., motion for relief from judgment.
December 29, 1992: The trial court denied the Rule 60(b) motion.
December 31, 1992: Larry Sr. and Larry Jr. appeal from the trial court's denial of their Rule 60(b) motion. Appeal # 1920538 involves Dr. Hays; it does not involve Dr. Campbell.
On September 15, 1989, Larry Dewayne Patterson, Sr., on behalf of himself and his wife Christie Michelle Patterson, who was physically and mentally incapacitated, sued Dr. Leonard John Hays III and (by amendment) Dr. John Hugh Campbell, alleging medical malpractice and seeking compensatory and punitive damages for personal injuries to Christie.[1] Larry DeWayne Patterson, Sr., individually, sued Dr. Hays for loss of consortium. Larry Dewayne Patterson, Jr., the minor child of the Pattersons, sued Dr. Hays and Dr. Campbell for loss of his mother's society and consortium; the trial court dismissed this claim for failure to state a claim upon which relief could be granted.
Dr. Campbell moved for a summary judgment on all claims against him; the trial court granted his motion and made the summary judgment final pursuant to Rule 54(b), Ala.R.Civ.P. The Pattersons did not appeal from the judgment for Dr. Campbell.
On October 7, 1991, the case proceeded to trial on the Pattersons' claims against Dr. Hays based on Christie's alleged personal injuries. On October 8, 1991, Christie died; after her death the trial court declared a mistrial and dismissed the jury. On October 15, 1991, Larry Sr. moved for substitution, deletion, and realignment of the parties, which the trial court granted. The following day, Larry Sr. and Larry Jr. filed an amended complaint that "supplant[ed] and supersede[d] the complaint and all prior amendments thereto." In count one of this amended complaint, Larry Sr. and Larry Jr. sought compensatory and punitive damages from Dr. Hays for negligently and wantonly causing the personal injuries suffered by Christie in November 1988, as a result of the alleged malpractice, and for causing her to endure pain and suffering until her death on October 8, 1991; in count two they sought punitive damages from Dr. Hays for the wrongful death of Christie. In count three, Larry Sr. sought damages from Dr. Hays for loss of consortium; and in count four, Larry Jr. sought damages for Dr. Hays for loss of his mother's society and consortium.
Dr. Hays moved to strike or to dismiss the personal injury claims against him and to dismiss the claim by Larry Jr. for loss of his mother's society and consortium. The trial court granted the motions. The case, therefore, proceeded to trial "as a wrongful death case" and on Larry Sr.'s loss of consortium claim. The jury rendered a verdict for Dr. Hays; the trial court entered a judgment on that verdict. Larry Sr. and Larry Jr. moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial, which the trial court denied on August 3, 1992. They did not appeal.
Approximately one month later, within the time allowed for Larry Sr. and Larry Jr. to appeal, this Court released its opinion in King v. National Spa Pool Institute, Inc.,607 So.2d 1241 (Ala. 1992), substantially changing the law in Alabama. King held that an action for personal injuries survives the death of an injured plaintiff even if the death occurs as the result of the personal injuries that were the subject of the pending action and that in such a case the personal *Page 1145 
injury action may be prosecuted along with a wrongful death action.
Larry Sr. and Larry Jr. argue that, because King overruled every authority on which the trial court had relied in dismissing their personal injury claim against Dr. Hays, it would be inequitable and manifestly unjust to allow the dismissal to stand. Consequently, based on the holding in King, they filed a Rule 60(b)(5) and (b)(6), Ala.R.Civ.P., motion for relief from the judgment, seeking a trial on their claims for compensatory and punitive damages based on the personal injuries Christie suffered from the date of her alleged injury in November 1988 until her death on October 8, 1991. The trial court denied the Rule 60(b) motion. Larry Sr. and Larry Jr. appeal. We affirm.
Although the holding in King v. National Spa PoolInstitute, supra, substantially changed the law in Alabama, the rule of law announced in King had no retrospective application, but rather affected the King case and "all similar casespending at the time of [the King] decision." 607 So.2d at 1246. (Emphasis added.) This case was not pending at the time of theKing decision and, therefore, King has no application to this case.
Furthermore, "[a] change of law does not always, or perhaps even often, constitute such changed circumstances as to justify relief," J. Hoffman S. Guin, Alabama Civil Procedure, § 12.40 (Cumm.Supp. 1992). Although relief from a judgment may be granted under Rule 60(b)(5) if a prior judgment upon which the judgment is based has been reversed or otherwise vacated, or if it is no longer equitable that the judgment should have prospective application, "[Rule 60(b)(5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." 7 Jerome Wm. Moore, Moore's Federal Practice par. 60.26(3) (1991). The King decision was totally unrelated to the parties or the circumstances in this case.
In addition, under Rule 60(b)(6), relief is granted only in those extraordinary and compelling circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments. See the Comment to Federal Rule of Civil Procedure 60(b). As the Court held inNowlin v. Druid City Hosp. Bd., 475 So.2d 469 (Ala. 1985), Rule 60 is no substitute for an appeal and is not available to relieve a party from his failure to exercise the right of appeal.
In this case, Larry Sr. and Larry Jr. failed to appeal from the adverse judgment on the personal injury claim, even though the decision in King and the change in the law upon which they rely occurred before the expiration of the time for appeal.
The trial court did not abuse its discretion in denying the Rule 60(b) motion. Therefore, the judgment in # 1920538 is affirmed.
 # 1920722
October 5, 1992: New complaint filed by Larry Sr., individually, as administrator of the estate of Christie Patterson, deceased, and as father and next friend of Larry Dewayne Patterson, Jr., against Dr. Hays and Dr. Campbell for medical malpractice, seeking damages for personal injuries suffered by Christie from the date of the alleged injury in November 1988, until her death on October 8, 1991. The complaint also sought damages for Larry Sr. for loss of his wife's consortium and damages for Larry Jr. for loss of his mother's society and consortium.
November 3, 1992: Drs. Hays and Campbell moved the trial court to dismiss this new complaint, claiming that the claims against them were barred by res judicata, collateral estoppel, and the statute of limitations.
January 6, 1993: The trial court dismissed the complaint. *Page 1146 
February 10, 1993: Larry Sr. and Larry Jr. appealed from that dismissal.
On October 5, 1992, "pursuant to King v. National Spa andPool Institute," Larry Dewayne Patterson, Sr., individually; as administrator of the estate of Christie Patterson, deceased; and as father and next friend of Larry Dewayne Patterson, Jr., sued Dr. Hays and Dr. Campbell for personal injuries suffered by Christie from the date of the alleged injury in November 1988, until her death on October 8, 1991. The complaint alleged medical malpractice against Dr. Hays and Dr. Campbell and sought damages for personal injuries to Christie prior to her death; damages for Larry Sr. for loss of his wife's consortium; and damages for Larry Jr. for loss of his mother's society and consortium. Dr. Hays and Dr. Campbell moved to dismiss the complaint, alleging that the claims were barred by the doctrine of res judicata, the doctrine of collateral estoppel, and the statute of limitations. The trial court granted the motions. Larry Sr. and Larry Jr. appeal from the dismissal. We affirm.
The complaint in appeal # 1920538 and the complaint in appeal # 1920722 both allege that Dr. Hays and Dr. Campbell committed malpractice in the care and treatment of Christie Patterson and that as a proximate result she suffered personal injuries. The same recovery was sought in both cases — recovery for personal injuries caused by the malpractice of Dr. Hays and Dr. Campbell; recovery by Larry Sr. for the loss of his wife's consortium because of the personal injuries she suffered; and recovery by Larry Jr. for the loss of his mother's society and consortium caused by the personal injuries she suffered.
The elements of res judicata are (1) a prior judgment on the merits, (2) rendered in a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits. See Thomas v. Lynn,620 So.2d 615 (Ala. 1993). "Where these elements are present, the former judgment is an absolute bar to any subsequent suit on the same cause of action, including any issue that was or could have been litigated in the prior action." Garris v. SouthAlabama Production Credit Association, 537 So.2d 911, 914
(Ala. 1989).
In # 1920538, the summary judgment of March 27, 1991, the dismissals of March 14, 1991, and May 22, 1992, and the judgment of June 19, 1992, on the jury verdict for Dr. Hays, taken together, constitute a "prior judgment" on the merits rendered by a court of competent jurisdiction involving the same parties and the same cause of action as are involved in # 1920722. The plaintiffs did not appeal from any aspect of that "prior judgment." Consequently, the "prior judgment" rendered in case CV-89-759 and addressed in regard to appeal # 1920538 bars all claims asserted in CV-92-937 (addressed in regard to appeal # 1920722), and the trial court properly dismissed the complaint. The judgment in # 1920722 is affirmed.
Although we note the plaintiffs' argument that "Alabama's denying a child a right to prosecute a loss of consortium claim for injuries to his parent does not reflect a universal view," that is the law in Alabama. Any further discussion is unnecessary.
1920538 AFFIRMED.
1920722 AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Patterson also sued Baptist Memorial Hospital of Gadsden, Baptist Health Services, and Dr. Robert Cruitt. However, these defendants entered into a pro tanto settlement with the Pattersons for $500,000 and were dismissed from the case. There were also other defendants who were granted summary judgments from which there was no appeal or who were dismissed along the way. Therefore, they are not parties to this appeal.