MONROE, Judge.
Annette M. Gray (“the mother”) appeals from the trial court’s order, dated October 6, 1998, granting a motion by John Robert Gray (“the father”) for relief from a judgment pursuant to Rule 60(b), Ala. R. Civ. P. The mother contends that the trial court abused its discretion when it granted the father’s Rule 60(b) motion. We agree.
In April 1989, the parties were divorced and the father was awarded custody of the minor daughter. At the time of the divorce, the minor daughter was in the custody of the Department of Human Resources.
In February 1996, the mother moved the trial court to set an amount of child support for the father to pay and to require the father to pay the minor daughter’s college expenses. In her motion, the mother stated that while the parties’ minor daughter did not live with either party at the time of the divorce, the mother obtained custody of the minor daughter a few months after the divorce. The mother further stated that the father’s child-support obligation had not been established and that she had not received any child support from the father.
After a hearing on the motion, the trial court issued an order, dated April 30,1996, which ordered the father to pay the mother $206 per month in child support. The order also stated:
“1. THAT the [mother] is awarded a judgment against the [father] in the amount of $4,967.52, representing the arrearage in child support as of this date. This judgment is less any monies that may be owed and payable to the State of Alabama for monies paid for support of the child. Further, after the court determines what is owed to the State, the court shall set a pay-back amount for the judgment.”
In July 1996 the State moved to intervene, alleging that it had expended $9,516 in Aid for Dependent Children (“AFDC”) benefits for the family in this case, and, thus, was entitled to the entire amount of the judgment awarded to the mother in the April 30,1996, order. After a hearing, the trial court issued an order, dated January 6,1997, which stated:
“1. THAT [the mother] is hereby awarded a judgment against [the father] in the amount of $4,500.00, said amount representing the existing arrearage in child support as of November 15, 1996; said judgment is in addition to the prior judgment rendered herein.
“2.. THAT the child support payments heretofore ordered by the court are hereby reaffirmed.”
Thereafter, the father filed a timely post-judgment motion, contending that, because the parties’ minor daughter had reached 19 years of age in November 1996, his child-support payments should terminate, and contending that “[t]he facts and circumstances of this case [do] not warrant an additional judgment of $4,500.00 against [the father].” The State also moved to alter, amend, or vacate the January 6, 1997, order, requesting that the trial court “award the entire arrearage judgment for unpaid child support which accrued during the child’s minority to the State of Alabama for AFDC benefits expended on behalf of the minor child.”
After a hearing on the motions, the trial court issued an order, dated April 3, 1997, terminating the father’s child-support obligation as of November 1996 (by agreement of the parties), denying the remainder of the father’s post-judgment motion, and denying the State’s post-judgment motion. The time for appeal expired on May 15, 1997. Neither the father nor the State appealed.
In August 1998, the father moved for relief from the January 6, 1997, order, pursuant to Rule 60(b). The mother filed a response to the motion, contending that the father’s motion should be denied because, she says, “[t]he [father’s] basis for his attack is that the court mistakenly ordered a judgment for $4,500.00 to the *1119 [mother], without any additional evidence to support such a judgment” and that “[the father] presents no evidence or argument that was not known at the time of the January 6,1997 ruling.”
After a hearing in October 1998, the trial court, with a different trial judge sitting on the bench, issued an order, which granted the father’s Rule 60(b) motion “as it relates to the judgment in the amount of $4,500.00 entered on January 6, 1997, in paragraph one (1).” This appeal followed.
At the hearing on his motion for relief from judgment, the father’s attorney argued:
“I think [the father] is clearly entitled to relief from that second judgment that was awarded, though the judgment supposedly set an additional arrearage. The time period involved is not — it doesn’t support an additional forty-five hundred dollars. It’s our position, [the father’s] position, that because of the argument about the amount of money owed the State of Alabama being presented to Judge Kennedy — there’s no other way to explain the amount of the two judgments, forty-five hundred dollars and the forty-nine sixty-seven, other than the fact that he related that sum of money to the amount of money claimed by the State for three children.”
Thus, it appears that the basis for the father’s Rule 60(b) motion was subsection (1), which encompasses “mistake, inadvertence, surprise, or excusable neglect.” However, when questioned about what subsection of Rule 60(b) the father was relying upon, the father’s attorney stated that the father was entitled to relief under Rule 60(b)(6), Ala. R. Civ. P., which encompasses “any other reason justifying relief from the operation of the judgment.”
In Ex parte Dowling, 477 So.2d 400, 403 (Ala.1985), our supreme court stated:
“A Rule 60(b)(6) motion should be granted only in those exceptional circumstances when the party can show the court sufficient equitable grounds to be entitled to relief. The party making such a motion must meet two prerequisites before it is justified. First, the motion must be based on some reason other than those stated in 60(b)(1) through 60(b)(5), and second, the reason urged for relief must be such as to justify relief.”
(Citations omitted.) (Emphasis added.)
As previously noted, the father did not appeal from the trial court’s April 1997 denial of his post-judgment motion. Instead, in August 1998, he filed a Rule 60(b) motion, once again seeking to have the January 6,1997, judgment vacated. In Ex parte Dowling, 477 So.2d at 403-04, our supreme court stated:
“The denial of a motion under Rule 59 or Rule 60 is usually appealable. That avenue, then, should be pursued by an aggrieved party. A motion to reconsider cannot be used as a substitute for an appeal. This Court has been presented from time to time several instances when losing parties have attempted to get trial judges to reconsider action taken on their post-judgment motions. Most attempt to draft their motions to come within the provisions of Rule 60(b). In view of the fact that this case presents to us that situation, we take this opportunity to point out to the bench and bar that the Rules of Civil Procedure do not authorize a movant to file a motion to reconsider the trial judge’s ruling on his own post-judgment motion .... In the usual case, after a post-judgment motion has been denied, the only review of that denial is by appeal; a judge has no jurisdiction to ‘reconsider’ the denial.”
(Citations omitted.)
In light of the foregoing, that portion of the October 6, 1998, judgment of the trial court that granted the father’s Rule 60(b) motion “as it relates to the judgment in the amount of $4,500.00 entered on January 6, 1997, in paragraph one (1)” is here-
*1120 by reversed and the cause is remanded for proceedings consistent with this opinion.
The mother’s request for an attorney fee on appeal is granted in the amount of $1,000.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.