I concur with the main opinion in its analysis of why subsections (1), (2), (3), (4), and (6) of Rule 60(b), Ala.R.Civ.P., do not authorize relief for this plaintiff. I think the correct analysis for subsection (5) would be the same as the analysis for subsection (6). I do not thinkPatterson v. Hays, 623 So.2d 1142 (Ala. 1993), governs the applicability of subsection (5) in the case now before us, because the case before us is distinguishable from Patterson. The reason the new rule in King v.National Spa Pool Inst., Inc., 607 So.2d 1241 (Ala. 1992), did not serve as a ground for reinstating the Pattersons' dismissed claims inPatterson v. Hays was that the new rule in King was expressly prospective only. The new rule in Ex parte Cranman, 792 So.2d 392
(Ala. 2000), and Ex parte Rizk, 791 So.2d 911 (Ala. 2000), cited by the plaintiff now before us, is not prospective only, but is retrospective as well. Had the plaintiff now before us done all she reasonably could to keep her claims alive until Cranman andRizk became final judgments of this Court, that their retroactive operation would have served as ground for vacating, pursuant to Rule 60(b)(5), the summary judgment entered against her.