893 So.2d 1153 (2004)
Patricia M. KUPFER
v.
SCI-ALABAMA FUNERAL SERVICES, INC., d/b/a Ridout's-Brown Service Trussville Chapel.
1022002.
Supreme Court of Alabama.
June 25, 2004.
*1154 Anne Lamkin Durward and Richard A. Bearden of Massey, Stotser & Nichols, P.C., Birmingham, for appellant.
Cinda R. York and Wendy T. Tunstill of Campbell, Waller & Poer, LLC, Birmingham, for appellee.
SEE, Justice.
Patricia M. Kupfer, the plaintiff in a case pending in the Jefferson Circuit Court, appeals the trial court's order compelling arbitration of her claims against SCI-Alabama Funeral Services, Inc., d/b/a Ridout's-Brown Service Trussville Chapel, the defendant below. We reverse and remand.

I.
On October 20, 2001, Kupfer's son, Jeremy Youngman, died. On October 21, 2001, Kupfer contacted SCI-Alabama Funeral Services, Inc., d/b/a Ridout's-Brown Service Trussville Chapel ("SCI"), to arrange for the transportation and embalming of her son's body, and for visitation and burial of her son. Kupfer signed a purchase agreement with SCI pursuant which SCI was to provide all of the funeral arrangements for her son. The purchase agreement contained the following provision:
"NOTICE: BY SIGNING THIS AGREEMENT, YOU ARE AGREEING THAT ANY CLAIM YOU MAY HAVE AGAINST THE SELLER SHALL BE RESOLVED BY ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A COURT OR JURY TRIAL AS WELL AS YOUR RIGHT OF APPEAL."
(Capitalization in original.) Kupfer argues that SCI was to retrieve her son's body from the coroner's office on October 21, 2001. However, SCI did not pick her son's body up until October 22, 2001, and Kupfer argues that as a result of the delay the body was too decomposed to allow the open casket and visitation Kupfer says she had requested as part of the funeral arrangements. In addition, Kupfer alleges that early on the day of the funeral, she went to the funeral home to view her son's body; the body was in a "severely misshapen" state and it appeared that SCI had failed to take any action to prepare the body for burial.
*1155 On October 15, 2002, Kupfer sued SCI,[1] alleging negligence, negligent entrustment, negligent hiring and supervision, the tort of outrage, and breach of contract in connection with SCI's handling of the transportation, embalming, visitation, and burial of her son. On March 4, 2003, SCI moved to dismiss Kupfer's action or, in the alternative, to compel arbitration. On April 2, 2003, the trial court denied SCI's motion. On April 9, 2003, SCI moved the trial court to reconsider its April 2, 2003, order. The trial court denied that motion on April 15, 2003, and SCI did not appeal the trial court's denial of its motion to reconsider.
On July 1, 2003, SCI again moved the trial court, apparently pursuant to Rule 60(b)(5), Ala. R. Civ. P., to reconsider its April 2, 2003, order in light of the June 2, 2003, decision of the Supreme Court of the United States in Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003).[2] On July 18, 2003, the trial court granted SCI's motion to reconsider and ordered Kupfer to arbitrate her claims against SCI. On August 22, 2003, Kupfer appealed the trial court's order granting SCI's Rule 60(b)(5), Ala. R. Civ. P., motion to reconsider and compelling arbitration.

II.
In reviewing a ruling on a Rule 60(b), Ala. R. Civ. P., motion, this Court applies the following standard:
"`A strong presumption of correctness attaches to the trial court's determination of a motion made pursuant to Rule 60(b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court [exceeded] its discretion.'"
Osborn v. Roche, 813 So.2d 811, 815 (Ala.2001) (quoting Ex parte Dowling, 477 So.2d 400, 402 (Ala.1985)). Thus we must determine whether in granting SCI's Rule 60(b), Ala. R. Civ. P., motion and compelling the arbitration of Kupfer's claims against SCI the trial court exceeded its discretion.

III.
Kupfer argues that because SCI did not appeal the trial court's April 2, 2003, denial of SCI's motion to compel arbitration, the trial court erred when it granted SCI's Rule 60(b)(5) motion and compelled arbitration in its July 18, 2003, order.
On April 2, 2003, the trial court denied SCI's motion to compel arbitration, concluding that because SCI failed to demonstrate that its transaction with Kupfer "substantially affected" interstate commerce, SCI had failed to meet its burden of proof. SCI moved the trial court to reconsider its April 2, 2003, order, and in *1156 its April 15, 2003, order denying SCI's motion to reconsider, the trial court stated:
"The Court has no doubt that defendant's general business operations involve the transportation of goods and services across state lines. It is clear from defendant's evidentiary submissions that most of the supplies used in its business operations come from other states. This conclusion, however says nothing about the particular transaction among these parties....
"The evidence fails to convince the Court that defendant has met its burden of showing that interstate commerce was substantially affected as a specific result of the contract between these parties."
After the trial court issued its order denying SCI's motion to reconsider, the Supreme Court of the United States released its opinion in Citizens Bank v. Alafabco, supra. In that opinion, the Supreme Court stated: "Congress' Commerce Clause power `may be exercised in individual cases without showing any specific effect upon interstate commerce' if in the aggregate the economic activity in question would represent `a general practice ... subject to federal control.'" Alafabco, 539 U.S. at 56-57, 123 S.Ct. 2037 (quoting Mandeville Island Farms, Inc. v. American Crystal Sugar Co., 334 U.S. 219, 236, 68 S.Ct. 996, 92 L.Ed. 1328 (1948)). See also Wolff Motor Co. v. White, 869 So.2d 1129, 1131 (Ala.2003) ("`A "party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce."'")(quoting Tefco Fin. Co. v. Green, 793 So.2d 755, 758 (Ala.2001), quoting in turn Ex parte Caver, 742 So.2d 168, 172 n. 4 (Ala.1999)). Alafabco made clear that it was not necessary that an individual transaction substantially affect interstate commerce for the transaction to fall within the scope of Congress's Commerce Clause power; thus, the trial court's reasoning in its April 15, 2003, order that the Federal Arbitration Act does not apply to this case because the transaction did not substantially affect interstate commerce was erroneous.
SCI argues that based upon the change in law evidenced by Alafabco, it properly sought relief from the trial court's April 2, 2003, order by filing on July 1, 2003, a motion made pursuant to Rule 60(b)(5), Ala. R. Civ. P., and that the trial court's grant of that motion was proper. Rule 60(b) provides that a court "may relieve a party ... from a final judgment, order, or proceeding for the following reasons... (5) ... a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."
In Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993), this Court stated:
"Although relief from a judgment may be granted under Rule 60(b)(5) if a prior judgment upon which the judgment is based has been reversed or otherwise vacated, or if it is no longer equitable that the judgment should have prospective application, `[Rule 60(b)(5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.' 7 Jerome Wm. Moore, Moore's Federal Practice par. 60.26(3) (1991)."
623 So.2d at 1145. See also City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala.1982) ("Rule 60 is not a substitute for an appeal."); McLeod v. McLeod, 473 So.2d 1097, 1098 (Ala.Civ.App.1985) ("We first note that Rule 60(b) is an extreme remedy to be used only under extraordinary circumstances."); Marsh v. Marsh, 338 So.2d *1157 422, 423 (Ala.Civ.App.1976) ("The cases applying Rule 60(b), though seeking to accomplish justice, have indicated careful consideration for finality of judgment[s]. In that regard, they have required the movant to show good reason for failure to take appropriate action sooner ... and to show a good claim or defense.").
In this case, the trial court, in its April 2, 2003, order, denied SCI's motion to compel arbitration. SCI moved the trial court to reconsider, but when the trial court denied its motion to reconsider SCI did not seek further review. Had SCI appealed the trial court's April 2, 2003, order, SCI would have been able to argue, once the United States Supreme Court released Alafabco, that Alafabco had changed the law and that the trial court had erroneously determined that the transaction in issue did not fall within the scope of Congress's Commerce Clause power. Because SCI did not appeal, SCI cannot now argue that it is entitled to compel arbitration. SCI failed to do everything reasonably possible to preserve the issue. Therefore, the Supreme Court's decision in Alafabco does not justify granting SCI's motion for relief pursuant to Rule 60(b)(5). See Patterson, 623 So.2d at 1145 ("`[Rule 60(b)(5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.'"). Moreover, SCI's July 1, 2003, "motion to reconsider" cannot substitute for an appeal. See Ex parte Dowling, 477 So.2d 400, 404 (Ala.1985) ("A motion to reconsider cannot be used as a substitute for an appeal."). To allow SCI to seek relief pursuant to Rule 60(b)(5), Ala. R. Civ. P., would essentially permit SCI to bring an out-of-time appeal and would subvert the principle of the finality of judgments.
SCI argues further that this Court's opinion in Service Corp. International v. Fulmer, 883 So.2d 621, 630 (Ala.2003), supports the trial court's decision to compel arbitration. In Fulmer, this Court held that the "`general practice' of providing funeral services is well within the reach of Congress's commerce power." We concluded: "The transaction underlying the contract between Fulmer and SCI-Alabama (for sale of goods and services), is unquestionably economic in nature, and the nationwide aggregate effect of such a transaction on interstate commerce easily brings the practice of contracting to provide funeral services and associated goods within the reach of Congress through the [Federal Arbitration Act]." 883 So.2d at 629-30. Fulmer, which was decided after Alafabco, reiterates the nexus to interstate commerce that is required for a transaction to fall within the reach of Congress's Commerce Clause power. It does not address the dispositive issue whether the trial court properly granted SCI's Rule 60(b)(5) motion. Therefore, Fulmer does not affect our analysis of this case.
Because SCI failed to appeal the trial court's April 2, 2003, order denying its motion to compel arbitration, the trial court exceeded its discretion in entering its July 18, 2003, order granting SCI's Rule 60(b)(5), Ala. R.App. P., motion and ordering Kupfer to arbitrate her claims against SCI.

IV.
Accordingly, we reverse the trial court's order compelling arbitration of Kupfer's claims against SCI and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HOUSTON, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
*1158 LYONS and JOHNSTONE, JJ., concur in the rationale in part and concur in the judgment.
JOHNSTONE, Justice (concurring in the rationale in part and concurring in the judgment).
I concur in the main opinion except that I do not join in any of the statements on the substance of the law on the nexus to interstate commerce necessary for the Federal Arbitration Act to apply. The dispositive issue in this case is only whether Rule 60(b)(5), Ala. R. Civ. P., affords relief from a judgment on the ground that a precedent supplying a legal principle essential to the judgment has been overruled by an unrelated case. The main opinion correctly decides this question in the negative. The substance of the legal principle declared by the overruled precedent or by the overruling case is immaterial to the dispositive issue in the case now before us. Therefore, the statements in the main opinion about the substance of the law on the requisite nexus to interstate commerce are dicta.
LYONS, J., concurs.
NOTES
[1] Kupfer's original complaint named "Brown Service Funeral Home Company, Inc., d/b/a Ridout's-Brown Service Trussville Chapel." After Kupfer perfected service of process on Brown Service Funeral Home Company, Inc., she learned that she had named the wrong entity in her complaint as the defendant. On November 7, 2002, Kupfer amended her complaint to name SCI-Alabama Funeral Services, Inc., d/b/a Ridout's-Brown Service Trussville Chapel as the defendant.
[2] SCI's motion was entitled "Motion to Reconsider the Court's Order of April 2, 2003, in Light of the United States Supreme Court's Recent Decision in Citizens Bank v. Alafabco [, Inc., 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003)]." In its brief, SCI states that its July 1, 2003, motion "was a motion akin to Rule 60(b)(5) asking the trial court to reconsider its previous denial of arbitration (based entirely upon Sisters [of the Visitation v. Cochran Plastering Co., 775 So.2d 759 (Ala.2000)] and its progeny) in light of the United States Supreme Court's decision in Citizens Bank v. Alafabco."