NHS Management, LLC, Northport Health Services, Inc., d/b/a Tallassee Health and Rehabilitation, LLC, and Ouida Gandy (hereinafter collectively referred to as "NHS") appeal from the trial court's order granting the "motion to reconsider" the trial court's order compelling arbitration filed by Peter Wright, as administrator of the estate of Viola Jenkins. We reverse and remand.
 Facts and Procedural History
On June 6, 2002, a nursing home operated by NHS admitted Viola Jenkins as a patient. Sonya Newman, a family member, signed the admission agreement as Jenkins's "responsible party," although Newman did not have the power to represent Jenkins in any legal capacity. The admission agreement contained a provision requiring arbitration of any and all claims against NHS. On May 3, 2004, Jenkins died while still under the care of NHS.
On May 2, 2006, Wright, as the administrator of Jenkins's estate, sued NHS, alleging negligence and wantonness, violation of certain state statutes, "violation of resident's rights," and breach of contract. Wright alleged that NHS's actions had caused Jenkins to suffer injuries from a fall and/or from an assault by other nursing-home residents and that those injuries had caused or contributed to her death. On August 2, 2006, NHS moved the trial court to compel arbitration and to stay the proceedings. Wright answered NHS's motion to compel arbitration and argued that the arbitration provision in the admission agreement was not enforceable because it was a contract of adhesion. The trial court allowed Wright to conduct limited discovery on the issue whether the admission agreement was a contract of adhesion. On February 9, 2007, NHS filed in the trial court a status report and a supplemental filing in support of its motion to compel arbitration. On April 3, 2007, the trial court conducted a hearing on NHS's motion to compel arbitration. Wright had telephoned NHS's attorney before the hearing and had informed her that Wright would not oppose the motion to compel. Wright did not attend the hearing, and the trial court entered an order granting NHS's motion to compel arbitration and staying all proceedings. Wright did not appeal the trial court's order.
On July 20, 2007, and on August 20, 2007, the trial court requested a status update from the parties, and on August 31, 2007, it entered an order that gave the parties 30 days to give the trial court a written status update of the case or face dismissal of the action. On September 4, 2007, Wright filed a demand for arbitration with JAMS, a dispute-resolution service selected by NHS. On October 4, 2007, JAMS acknowledged the arbitration demand and requested that the parties provide it with additional documentation and that NHS pay additional arbitration fees. On October 26, 2007, before NHS had paid the additional arbitration fees, Wright informed JAMS that he was withdrawing from arbitration. On October 31, 2007, the trial court entered an order dismissing the case for "want of prosecution." On November 14, 2007, Wright moved the trial court to reinstate the case, and the trial court entered an order granting Wright's motion.
On December 14, 2007, Wright filed in the trial court a "Motion to Reconsider the Court's Order Compelling This Matter to Arbitration." In his motion, Wright argued that the trial court should reconsider *Page 1155 
its order compelling arbitration in light of the Alabama Supreme Court's May 4, 2007, decision in Noland Health Services,Inc. v. Wright, 971 So.2d 681 (Ala. 2007). On April 29, 2008, the trial court granted Wright's motion to reconsider and set aside its earlier order compelling arbitration. NHS appealed to the Alabama Supreme Court; that court subsequently transferred the appeal to this court, pursuant to Ala. Code 1975, § 12-2-7.
 Issue
NHS presents one issue on appeal. Whether the trial court exceeded its discretion when it granted Wright's motion to reconsider, which we interpret to be a motion filed pursuant to Rule 60(b)(5), Ala. R. Civ. P., and set aside its prior order compelling arbitration.[1]
 Standard of Review [2] "`A strong presumption of correctness attaches to the trial court's determination of a motion made pursuant to Rule 60(b), and the decision whether to grant or deny the motion is within the sound discretion of the trial judge, and the appellate standard of review is whether the trial court [exceeded] its discretion.'"
Osborn v. Roche, 813 So.2d 811, 815 (Ala. 2001) (quoting Ex parte Bowling, 477 So.2d 400, 402
(Ala. 1985)). Thus, we must determine whether the trial court exceeded its discretion in granting Wright's Rule 60(b) motion and setting aside its order compelling the arbitration of Wright's claims against NHS.
 Analysis
NHS argues that because Wright did not appeal the trial court's April 3, 2007, order that compelled Wright to arbitrate his claims against NHS, the trial court erred when it granted Wright's Rule 60(b) motion setting aside its prior order. After the trial court had entered its order granting NHS's motion to compel arbitration, and before the period during which Wright could appeal that order had expired, the Alabama Supreme Court released its decision in Noland Health Services, Inc. v.Wright, 971 So.2d 681 (Ala. 2007). In that opinion, the Alabama Supreme Court held, in a plurality decision, that the administrator of a decedent's estate was not bound by the arbitration provision in a nursing-home admission contract when the contract had been signed by an individual who was not the decedent's legal representative. Wright argues thatNoland represents a change in the law from the time the trial court entered its order to compel arbitration, that he properly sought relief by moving the trial court to set aside its prior order pursuant to Rule 60(b), and that the trial court properly granted his motion.
 "In Patterson v. Hays, 623 So.2d 1142, 1145
(Ala. 1993), [the Alabama Supreme] Court stated:
 "`Although relief from a judgment may be granted under Rule 60(b)(5) if a prior judgment upon which the judgment is based has been reversed or otherwise vacated, or if it is no *Page 1156 
longer equitable that the judgment should have prospective application, "[Rule 60(b)(5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding." 7 Jerome Wm. Moore, Moore's Federal Practice par. 60.26(3)(1991).'
 "623 So.2d at 1145. See also City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala. 1982) (`Rule 60 is not a substitute for an appeal.'); McLeod v. McLeod, 473 So.2d 1097, 1098 (Ala.Civ.App. 1985) (`We first note that Rule 60(b) is an extreme remedy to be used only under extraordinary circumstances.'); Marsh v. Marsh, 338 So.2d 422, 423
(Ala.Civ.App. 1976) (`The cases applying Rule 60(b), though seeking to accomplish justice, have indicated careful consideration for finality of judgment[s]. In that regard, they have required the movant to show good reason for failure to take appropriate action sooner . . . and to show a good claim or defense.')."
Kupfer v. SCI-Alabama Funeral Servs., Inc.,893 So.2d 1153, 1156-57 (Ala. 2004). See also Harris v. Martin,834 F.2d 361, 364 (3d Cir. 1987) ("[T]he `prior judgment' clause of Rule 60(b)(5)[, Fed.R.Civ.P.,] `does not contemplate relief based merely upon precedential evolution.' Mayberry [v.Maroney], 558 F.2d [1159,] 1164 [(3d Cir. 1977)]; seealso 11 C. Wright A. Miller, Federal Practice andProcedure § 2863 (1973); Comment, Federal Rule ofCivil Procedure 60(b): Standards for Relief from Judgments Dueto Changes in Law, 43 U. Chi. L. Rev. 646, 652-56 (1976). Its operation `is limited to cases in which the present judgment is based on the prior judgment in the sense of resjudicata or collateral estoppel.' Marshall [v. Board ofEd. of Bergenfield N.J.], 575 F.2d [417,] 424 [(3d Cir. 1978)] (quoting 11 C. Wright A. Miller, FederalPractice and Procedure § 2863 (1973)).").
In Kupfer, supra, the trial court denied SCI's motion to compel arbitration after it had determined that the contract containing an arbitration clause did not implicate interstate commerce. SCI did not appeal the trial court's denial of its motion to compel arbitration. After the trial court had denied SCI's motion to compel arbitration, but before the time for SCI to file an appeal had run, the Supreme Court of the United States released its decision in Citizens Bank v.Alafabco, 539 U.S. 52, 123 S.Ct. 2037, 156 L.Ed.2d 46
(2003), which, SCI argued, changed the law with respect to what constituted interstate commerce. SCI moved the trial court pursuant to Rule 60(b)(5) and argued that Alafabco
represented a change in the law on which the trial court had based its earlier order denying SCI's motion to compel arbitration. The trial court granted SCI's Rule 60(b) motion and entered an order compelling arbitration. The Alabama Supreme Court reversed the trial court's order granting SCI's rule 60(b)(5) motion, stating:
 "Had SCI appealed the trial court's April 2, 2003, order, SCI would have been able to argue, once the United States Supreme Court released Alafabco, that Alafabco had changed the law and that the trial court had erroneously determined that the transaction in issue did not fall within the scope of Congress's Commerce Clause power. Because SCI did not appeal, SCI cannot now argue that it is entitled to compel arbitration. SCI failed to do everything reasonably possible to preserve the issue. Therefore, the Supreme Court's decision in Alafabco does not justify granting SCI's motion for relief pursuant to Rule 60(b)(5). See Patterson [v. *Page 1157 Hays], 623 So.2d [1142,] 1145 [(Ala. 1993)] (`"[Rule 60(b)(5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.'"). Moreover, SCI's July 1, 2003, `motion to reconsider' cannot substitute for an appeal. See Ex parte Dowling, 477 So.2d 400, 404 (Ala. 1985) (`A motion to reconsider cannot be used as a substitute for an appeal.'). To allow SCI to seek relief pursuant to Rule 60(b)(5), Ala. R. Civ. P., would essentially permit SCI to bring an out-of-time appeal and would subvert the principle of the finality of judgments."
Kupfer, 893 So.2d at 1157.
In this case, as in Kupfer, Wright did not appeal the trial court's order compelling arbitration, and the Alabama Supreme Court issued its opinion in Noland before the time had run for Wright to file a notice of appeal. Therefore, Wright cannot now use Rule 60(b)(5) to substitute for an appeal.See Dowling, 477 So.2d at 404 ("A motion to reconsider cannot be used as a substitute for an appeal"). Moreover, the Alabama Supreme Court's decision in Noland does not justify the trial court's grant of Wright's Rule 60(b)(5) motion. See Patterson v. Hays, 623 So.2d 1142, 1145
(Ala. 1993) ("`[Rule 60(b)(5)] does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding.'" (quoting Jerome Wm. Moore, Moore's Federal Practice
¶ 60.26(3) (1991))). Therefore, the trial court exceeded its discretion when it granted Wright's Rule 60(b) motion and set aside its prior order compelling arbitration.
 Conclusion
Because Wright was not entitled to relief pursuant to Rule 60(b), we reverse the trial court's order setting aside its prior order compelling arbitration and remand the cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs specially.
[1] Because Wright alleged in his motion to reconsider that the Alabama Supreme Court's decision in Noland, supra, had changed the law on which the trial court had based its prior decision, we interpret Wright's motion to reconsider as a motion filed pursuant to Rule 60(b)(5), Ala. R. Civ. P. Rule 60(b)(5) provides, in pertinent part, that a court "may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (5) . . . a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."